AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Mississippi

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 10 2017
ARTHUR JOHNSTON
BY _____ DEPUTY

| | |
|---|---|
| United States of America<br>v.<br><br>Armando Medrano-Garcia<br><br><br><br>*Defendant(s)* | )<br>)<br>)  Case No.  1:17mj 90-JCG<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __October 9, 2017__ in the county of __Harrison__ in the __Southern__ District of __MS, Southern Division__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a)(2) | Illegal Re-Entry by Deported Alien |

This criminal complaint is based on these facts:

See Affidavit, which is attached and incorporated by reference herein.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SPA Steven P. Saizan, U.S. Border Patrol
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __10/10/2017__

_____
*Judge's signature*

City and state: __Gulfport, MS__       John C. Gargiulo, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

STATE OF MISSISSIPPI           )
COUNTY OF HARRISON             :
SOUTHERN DISTRICT OF MISSISSIPPI )

I, Steven P. Saizan, being first duly sworn, hereby depose and say that:

1. I am a Senior Patrol Agent of the United States Border Patrol, currently located at 10400 Larkin Smith Drive, Gulfport, MS. I have been a Border Patrol Agent since October 30, 1994. As part of my official duties as a Senior Patrol Agent, I am assigned to investigate violations of the immigration laws as well as other statutes.

2. On 10/09/2017, Border Patrol Agent Todd Holland was assigned to the South Mississippi Metro Enforcement Team (SMMET) as a criminal interdiction agent. At approximately 2030 hours, he observed a grey 2012 Kia Optima (TX LP: GCZ6185) cross the white center line as it passed his location at mile marker 58W and continued driving over the center line as it kept going. As part of his task force duties, he initiated a probable cause traffic stop for careless driving. He then made contact with the driver and introduced himself as a SMMET Agent. He instructed the driver (identified as Cassandra Calanchi) to exit the vehicle with her driver's license. He asked the passenger (later identified as Armando MEDRANO-Garcia) for his identification. MEDRANO handed him a Mexican driver's license that identified him as Cristian PLANCARTE-Garcia.

3. Agent Holland explained to Calanchi the reason for the stop and told her that he would be issuing her a warning. Calanchi stated that she did not have her driver's license because she left it at home. Calanchi stated that she and Medrano were coming from Atlanta, GA, and were heading back to Austin, TX. She stated that she went to visit her aunt and that they stayed there for two days. He next spoke with Medrano who stated they were returning to Austin after visiting his family in Atlanta for one day. Calanchi and Medrano were both visibly shaking and appeared very nervous. Record checks also showed that the vehicle was in Atlanta for a little more than 8 hours. Based on the deception and obvious nervousness, he asked for and received written consent to search the vehicle from Calanchi.

4. As he began to search the vehicle, SMMET Agent Chris Pitalo arrived on scene to provide back up. Agent Holland confronted Calanchi about what he suspected were lies, and she admitted to lying. She said she was asked by Medrano to drive from Austin to Atlanta so he could meet with a guy. She further stated that she was unsure if there was anything in the car or not, but she suspected that there might be something. Agent Holland confronted Medrano who did not change from his original story. He then questioned Medrano as to his citizenship. Medrano stated that he was a citizen and national of Mexico and that did not have the proper documents to legally be in or remain in the United States. Agent Holland then placed Medrano under arrest for illegally being in the United States. As he was taking Medrano to his vehicle, Medrano asked to speak with him in private.

5. Medrano admitted that he presented false identification and that his true and correct name was Armando MEDRANO-Garcia. Agent Holland ran record checks on Medrano and discovered that he is an aggravated felon. MEDRANO-Garcia has convictions for Drug Trafficking (convicted and sentenced to 10 years in prison on 09/05/2008) and Illegal Re-entry after Deportation (convicted and sentenced to 11 months in prison on 09/06/2011) out of Tulsa, Oklahoma and an additional charge of Illegal Re-entry after Deportation (convicted and sentenced to 15 months in prison on 10/31/2016) out of Austin, TX. He then ran record checks on Calanchi and found no derogatory information.

6. Agents Holland and Pitalo completed the search of the vehicle. They did not find any contraband. Both subjects told Agent Holland that they drove to Atlanta so that Medrano could meet with two subjects about setting up a drug deal. Calanchi was released from the scene with the vehicle, and Medrano was transported to the Gulfport, Mississippi Border Patrol Station for processing.

7. At the Border Patrol Station, record checks confirmed Medrano's immigration and criminal histories. Medrano originally was ordered removed on 10/12/2010 out of Oklahoma City, OK, and was removed on 02/20/2011 through Del Rio, TX. Record checks further confirmed Medrano's prior conviction for drug trafficking and his prior removals from the United States.

8. WHEREFORE, there is probable cause that the defendant, Armando Medrano-Garcia, is in violation of Title 8, United States Code, Section 1326 – Re-Entry after Deportation (Aggravated Felon), and your affiant prays that a warrant be issued for the arrest of the above named.

_____
Steven P. Saizan
Senior Patrol Agent
United States Border Patrol

Sworn to and subscribed before me this,
the 10th day of October, 2017

_____
UNITED STATES MAGISTRATE JUDGE

2